UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LARRY WHITE,<br><br>                    Plaintiff,<br><br>          -against-<br><br>NEIL deGRASSE TYSON (STARTALK RADIO), et al.,<br><br>                    Defendants. | 1:26-CV-2246 (LTS)<br><br>ORDER OF DISMISSAL UNDER<br>28 U.S.C. § 1915(g) |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Larry White, who is currently held in the Camden County Jail or the Camden County Detention Center, in Camdenton, Missouri, brings this action *pro se*. He requests to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons set forth below, the Court recognizes Plaintiff as barred, under 28 U.S.C. § 1915(g), from bringing this federal civil action IFP while he is a prisoner, denies Plaintiff's IFP application, and dismisses this action without prejudice.

## DISCUSSION

### A.     Plaintiff is barred under 28 U.S.C. § 1915(g)

On February 12, 2025, the United States District Court for the District of Kansas recognized Plaintiff as barred from filing federal civil actions IFP while he is a prisoner pursuant to the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). *See White v. United States*, No. 25-CV-3023, 2025 WL 471262 (D. Kan. Feb. 12, 2025). Under that provision:

> [i]n no event shall a prisoner bring a civil action . . . [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds

that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This Court has conducted an "independent review" of Plaintiff's strikes that were cited by the District of Kansas in *White*, 2025 WL 471262,[1] to determine whether any one of them is a "mixed dismissal"—a federal civil action dismissed for multiple reasons, including for both strike and non-strike reasons. *See Escalera v. Samaritan Vill.*, 938 F.3d 380, 381-84 (2d Cir. 2019) (conducting, on *de novo* appellate review, an "independent review" of a prisoner's previously accumulated strikes to determine whether any of those strikes was a mixed dismissal). In the Second Circuit, pursuant to *Escalera*, mixed dismissals are not considered strikes. *See id.* at 382 (holding "that a prisoner's entire 'action or appeal' must be dismissed on a [Section] 1915(g) ground to count as a strike," and that mixed dismissals cannot count as strikes).

The February 10, 2009 order in *White v. Blackwell*, No. 08-CV-3133 (D. Kan.), dismissed that action for multiple reasons—at least one of those reasons being other than for the court's stated reason of for failure to state a claim on which relief may be granted. *See White v. Blackwell*, No. 08-CV-3133, 2009 WL 10704871 (D. Kan. 2009) (noting that, among other things, to the extent that Plaintiff asserted claims challenging a state-court criminal conviction, he could not seek such relief in that action but could seek such relief in a *habeas corpus* action

---

[1] In *White*, the court cited the following dismissals as Plaintiff's "strikes":

*White v. Blackwell*, Case No. 08-3133-SAC, Doc. 6 (dismissing for failure to state a claim) (D. Kan. Feb. 10, 2009); *White v. Augustine*, Case No. 09-3131-SAC, Doc. 10 (dismissing as barred by the statute of limitations) (D. Kan. Nov. 3, 2009); and *White v. FBI*, Case No. 24-3179-JWL, Doc. 7 (dismissing for failure to state a claim) (D. Kan. Oct. 29, 2024).

*White*, 2025 WL 471262, at *1 n.2.

brought under 28 U.S.C. § 2254), *aff'd*, No. 09-3061 (10th Cir. Sept. 1, 2009). Thus, under *Escalera*, that dismissal is *not* a strike.

The November 3, 2009 order in *White v. Augustine*, No. 09-CV-3131 (D. Kan.), dismissed that action solely because that action was untimely. *White v. Augustine*, No. 09-CV-3131 (D. Kan. Nov. 3, 2009). A dismissal for untimeliness is a dismissal for failure to state a claim on which relief may be granted for the purposes of Section 1915(g). *See Akassy v. Hardy*, 887 F.3d 91, 95 (2d Cir. 2018) ("We see no reason not to view the dismissal of a prisoner's action as time-barred, if based on the allegations in the complaint, as . . . a dismissal for failure to state a claim on which relief may be granted within the meaning of [Section] 1915(g)."). Thus, under *Escalera*, that dismissal *is* a strike.

The October 29, 2024 memorandum and order in *White v. FBI*, No. 24-CV-3179 (D. Kan.), dismissed that action solely for failure to state a claim on which relief may be granted; the court dismissed Plaintiff's claims for *mandamus* relief under 28 U.S.C. § 1361 on the merits. *See White v. FBI*, No. 24-3179, 2024 WL 4606076 (D. Kan. Oct. 29, 2024), *appeal dismissed as frivolous*, No. 24-3177, 2025 WL 2674229 (10th Cir. Sept. 18, 2025). Thus, under *Escalera*, that dismissal *is* a strike as well.

While it would initially appear that Plaintiff has earned only two strikes, he has actually earned three. That is because, if a prisoner's federal civil action is dismissed for a strike reason, and the prisoner's subsequent appeal of that dismissal is also dismissed for a strike reason, those dismissals count as two strikes under Section 1915(g). *Chavis v. Chappius*, 618 F.3d 162, 167-69 (2d Cir. 2010). Plaintiff's appeal of the October 29, 2024 memorandum and order in *White*, No. 24-CV-3179 (D. Kan.), while he has been a prisoner, was dismissed by the United States Court of Appeals for the Tenth Circuit as frivolous on September 18, 2025, *White*, 2025 WL 2674229,

making that appeal dismissal "strike three." Thus, Plaintiff has earned three strikes under the PLRA, and the Court recognizes him as barred under Section 1915(g).

**B.        Statutory exception to the Section 1915(g) filing bar**

With respect to the present action, while Plaintiff filed this new civil action while he was a prisoner, and seeks IFP status, his complaint does not show that, at the time of filing, he was in imminent danger of serious physical injury for the purposes of the statutory exception to the Section 1915(g) filing bar.[2] Instead, Plaintiff asserts state-law claims of libel and slander, under the court's diversity jurisdiction, arising from allegedly defamatory statements uttered by the defendants during a radio program; those statements were about a person other than Plaintiff and may have been about Plaintiff's minor daughter. Accordingly, this action is not eligible for the statutory exception to the Section 1915(g) filing bar. The Court therefore denies Plaintiff's IFP application and dismisses this action without prejudice.

**CONCLUSION**

The Court recognizes Plaintiff as barred under 28 U.S.C. § 1915(g). Because Plaintiff alleges nothing to suggest that this action is eligible for the statutory exception to the Section 1915(g) filing bar, the Court denies Plaintiff's request to proceed IFP and dismisses this action without prejudice.[3] *See* 28 U.S.C. § 1915(g). Plaintiff remains barred from filing any future

---

[2] For those purposes, an imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[3] Plaintiff may commence a new federal civil action as a prisoner by paying the fees to bring such an action; those fees currently total $405.00 per civil action. If he files a new civil action while he is a prisoner, and if it asserts claims against a governmental entity or a governmental officer or employee, that action will be reviewed under 28 U.S.C. § 1915A, which requires the court to dismiss such an action filed by a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

federal civil action IFP while he is a prisoner, unless he is under imminent danger of serious physical injury.[4] *Id.*

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reason set forth in this order.

SO ORDERED.

Dated:    May 1, 2026
          New York, New York

　　　　　　　　　　　　　　　　　/s/ Laura Taylor Swain
　　　　　　　　　　　　　　　　LAURA TAYLOR SWAIN
　　　　　　　　　　　　　　Chief United States District Judge

---

[4] The Court may bar any vexatious litigant (including a nonprisoner) from filing future civil actions in this court (even if the relevant fees are paid) without first obtaining leave from the court. *See In re Martin-Trigona*, 9 F.3d 226, 228-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).